UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

LEBERT THOMAS

        Plaintiff

vs.

THE METROPOLITAN DISTRICT

        Defendant

CIVIL CASE NO.
3:12-cv00221 WWE

May 13, 2016

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION

The defendant, the Metropolitan District ("the District"), submits this Memorandum of Law in support of its Motion for Reconsideration pursuant to Local Rule of Civil Procedure 7(c).  As demonstrated below, the District respectfully submits that reconsideration is warranted because the Court *(Eginton, J.)* overlooked material factual matters and controlling law in its Order on Plaintiff's Motion in Limine to Prohibit Defendant from Discussing or Attempting to Introduce into Evidence Information or Reports relating to Investigations by Outside Counsel (Doc. No. 185), entered May 10, 2016, and that reconsideration and reversal of the Order in this regard is required.

## I.    Legal Standard

Local Rule of Civil Procedure 7(c) provides that Motions for Reconsideration "shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court overlooked in the initial decision or order."  In order for a Motion for Reconsideration to be granted, the moving party must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

## II.   Argument

Contrary to controlling Second Circuit authority, the Court decided that Attorney Albert Zakarian's analysis, report and conclusions will be precluded at trial.  See Order (Doc No. 185), entered May 10, 2016.  In so doing, the Court (*Eginton, J.*) apparently overlooked that the District intends to offer the independent investigative report ("Zakarian Report") regarding the plaintiff's complaints against Scott Jellison, including the findings contained therein, for reasons other than to prove the truth of the matter asserted.  See Objection to Plaintiff's Motion in Limine to Prohibit Defendant from Discussing or

Attempting to Introduce into Evidence Information or Reports relating to Investigations by Outside Counsel (Doc. No. 177), dated May 6, 2016 at p. 2; see also Fed. R. Evid. 801(c)(2).  Such evidence is not inadmissible hearsay.  Id.

The Court further appears to have overlooked that the Zakarian Report and the conclusions contained therein is a legitimate probative force of evidence on material issues, i.e., that the District relied on such a report and legitimately believed that its subsequent conduct regarding the plaintiff's complaint was proper and in compliance with its legal obligations under the law.  See *Cameron v. Community Aid for Retarded Children, Inc.*, 335 F.3d 60, 65, n.2 (2d Cir. 2003); *Barney v. Consol. Edison Co. of New York,* 2009 WL 6551494, at *14 (E.D.N.Y. Oct. 1, 2009) (*Trager, J.*), aff'd sub nom. *Barney v. Consol. Edison Co. of N.Y.,* 391 F. App'x 993 (2d Cir. 2010)("To the extent that plaintiff is arguing that the audit report is inadmissible hearsay, that argument must be rejected. Where a decision-maker claims to have relied on such a report, it is admissible to show that the decision-maker "legitimately believed [that plaintiff] had acted improperly.")(Citing *Vahos v. Gen. Motors Corn.,* 2008 WL 2439643, at *4 (E.D.N.Y. June 16, 2008)(*Garaufis, J.*)( (holding that an investigative report was admissible for the "non-hearsay" purpose of proving

3

that the decision-makers who discharged plaintiff believed that he acted improperly))(unreported cases cited to herein are attached in alphabetical order); *see also Wolff v. Brown,* 128 F.3d 682, 685 (8th Cir.1997) ("In employment discrimination cases, internal documents relied upon by the employer in making an employment decision are not hearsay as that term is defined in Fed.R.Evid. 801(c).... Rather, such documents are relevant and admissible because they help explain (or may help explain) the employer's conduct.") (citations omitted).

Accordingly, the District respectfully requests that the Court reconsider and reverse its decision that Attorney Albert Zakarian's analysis, report and conclusions will be precluded at trial when offered by the District for reasons other than to prove the truth of the matter asserted.

WHEREFORE, for all the foregoing reasons and in the interest of justice, because the Court overlooked controlling Second Circuit authority, the Court should grant the Motion for Reconsideration, dated May 13, 2016, and reverse its decision to preclude Attorney Albert Zakarian's analysis, report and conclusions at trial.

4

THE DEFENDANT,

By:_____

KEVIN C. SHEA (ct13781)
CLENDENEN & SHEA, LLC
400 Orange Street
New Haven, CT  06511
Tel: 203/787-1183
Fax: 203/787-2847
office@clenlaw.com

CERTIFICATION:

    This is to certify that a copy of the foregoing was filed electronically on the 13th day of May 2016.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

_____
CLENDENEN & SHEA, LLC