UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LEBERT THOMAS, | : |
|     Plaintiff, | : |
| | : |
| v. | :    3:12-cv-00221-WWE |
| | : |
| METROPOLITAN DISTRICT, | : |
|     Defendant. | : |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION

Defendant has moved for reconsideration of the Court's order precluding admission of an investigative report by outside counsel on the underlying accusations by plaintiff in this case. For the following reasons, defendant's motion for reconsideration will be granted, but the Court will adhere to its decision to exclude the report.

Defendant hired outside counsel to investigate and prepare a report on plaintiff's complaints of racial discrimination and retaliation against defendant. The Court has precluded the report and its conclusions from reaching the jury because the report is highly prejudicial hearsay that does not fall under the business records exception.[1] Admission of the report's conclusions could usurp the fact-finding role of the jury and "invade the province of the court to determine the applicable law and to instruct the jury as to that law." See F.A.A. v. Landy, 705 F. 2d 624, 623 (2d Cir. 1983).

The report is hearsay to the extent that it is offered for the truth of the matter asserted, See Fed. R. Evid. 801(c), and it does not satisfy the business records exception. See Fed. R. Evid.

---

[1] Defendant also previously argued that the report was admissible as a public record under Fed. R. Evid. 803(8), but the Court was not persuaded, and defendant has apparently abandoned this argument. Defendant similarly does not renew its business records exception argument, but because such argument is more open to interpretation, the Court will revisit it here.

803(6)(a–e). The report is not the kind of regularly conducted activity contemplated by the business records exception, as it required significant, subjective interpretation of interview results followed by legal analysis of those findings.  See Abascal v. Fleckenstein, 2016 WL 1720421 at *3 (2d Cir. April 29, 2016).  "This process is a far cry from the simple act of recording observable information – the type of regularly conducted activity envisioned by this exception."  Id.  Nor does this case involve the long recognized means of establishing reliability of business records exception evidence – a duty to report.  See U.S. v. Reyes, 157 F. 3d 949, 953 (2d Cir. 1998).  Finally, the report was not made contemporaneously as part of a routine by someone with knowledge.  See U.S. v. Strother, 49 F. 3d 869, 875-76 (2d Cir. 1995) ("We are reluctant to adopt a rule that would permit the introduction into evidence of memoranda drafted in response to unusual or 'isolated' events, particularly where the entrant may have a motive to be less than accurate.").

Defendant argued in its original opposition brief that, to the extent that defendant offers information relating to outside counsel's investigation for reasons other than to prove the truth of the matter asserted, such evidence is not hearsay.  Defendant provided two examples of such other reasons: (1) to prove that defendant took immediate action in response to plaintiff's complaints ("the fact that an investigation was conducted"); and (2) to prove that defendant "relied on the findings in the independent investigative report."

Defendant's first reason is moot, as the Court indicated in its rulings that, "[t]he fact that defendant performed investigation into plaintiff's claims of discrimination will be permitted to go to the jury."  Defendant's second reason, reliance, is not material, as action informed by the advice of counsel is not provided safe harbor from discrimination lawsuits.  Defendant either

2

discriminated or retaliated against plaintiff or it did not.  These are questions for the jury, and the extent to which defendant relied upon its hired agent's investigation of such legal questions has little bearing on these ultimate issues.[2]  Moreover, expressions of opinion about legal conclusions of the case are generally inadmissible.  See Nimely v. City of New York, 414 F. 3d 381, 397 (2d Cir. 2005).  It is appropriate to exclude such highly prejudicial statements so that the jury may be permitted to make its own informed determinations.  See U.S. v. Duncan, 42 F. 3d 97, 101 (2d Cir. 1994).

## CONCLUSION

For the foregoing reasons, defendant's motion for reconsideration is GRANTED but the Court adheres to its decision to preclude evidence from outside counsel's investigative report.

Dated this 17th day of May, 2016, at Bridgeport, Connecticut.

 /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Defendant cites to multiple decisions for the proposition that reliance may be material, as a defendant employer may have legitimately relied on the contents of a report regardless of the report's accuracy.  The cases defendant cites are inapposite, as the reports in those cases examined purported bases for adverse employment actions and were proffered in an attempt to demonstrate lack of pretext (by showing that a plaintiff had acted improperly).  Here, in contrast, defendant does not contend that the findings from outside counsel's report bolster its adverse actions against plaintiff (nor does the report conclude that plaintiff acted improperly).  Rather, the report deals exclusively with investigating plaintiff's complaints to determine whether defendant or its employees violated federal or state law or defendant's workplace violence policy.  Defendant asserts that it terminated plaintiff for legitimate but completely unrelated reasons: negligent design of fire suppression systems, so defendant could not have "relied" upon the report in the manner supported by its proposition.